IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WW INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10829 (CTG)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 16 |

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN; (II) FIXING DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT AND THE PLAN; (III) APPROVING PREPETITION SOLICITATION PROCEDURES AND FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING AND OBJECTION DEADLINE; (IV) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(A) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES AND RULE 2015.3 REPORTS; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases for entry of an order (this "Order"), (i) scheduling the Combined Hearing; (ii) establishing the Objection Deadline; (iii) approving the Solicitation Procedures, the Combined Notice, the Member Notice, the Publication Notice, the Ballots, and the New Notes Election & Distribution Procedures Notice; (iv) approving the Executory Contract Procedures, including the Executory Contract Objection Deadline, (v) conditionally (a) directing the U.S. Trustee to not convene the Creditors' Meeting and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are WW International, Inc. (0273), WW North America Holdings, LLC (6141), WW Canada Holdco, Inc. (5680), WW.com, LLC (4196), W Holdco, Inc. (4087), WW Health Solutions, Inc. (3859), Weekend Health, Inc. (6812), and WW NewCo, Inc. (N/A). The Debtors' headquarters is located at 675 Avenue of the Americas, 6th Floor, New York, NY 10010.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings given to such terms in the Motion.

(b) excusing the requirement that the Debtors file SOFAs and Schedules and Rule 2015.3 Reports, and (vi) granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before this Court; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

<b>ORDERED, ADJUDGED AND DECREED THAT:</b>

1. The Motion is GRANTED as set forth herein.

2. The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) will be held, **on June 17, 2025 at 1:00 p.m. (prevailing Eastern Time)**. The Combined Hearing may be continued from time to time by the Debtors without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in these Chapter 11 Cases and providing notice of such adjourned date(s) on the electronic case filing docket.

3. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's Claim or Interest, the basis for the objection and the specific grounds thereof; and (iv) be filed with this Court, together with proof of service, no later than **4:00 p.m. (prevailing Eastern Time) on June 6, 2025** (the "Objection Deadline"). Any responses or objections to the assumption of Executory Contracts and Unexpired Leases must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with this Court no later than **4:00 p.m. (prevailing Eastern Time) on May 23, 2025** (the "Executory Contract Objection Deadline"). In addition to being filed with this Court, any responses or objections must be served on the following parties so as to be received by such deadlines: (i) WW International, Inc., 675 Avenue of the Americas, 6th Floor, New York, New York 10010, Attn: Jacqueline Cooke, Esq. (jacquie.cooke@ww.com); (ii) proposed co-counsel for the Debtors, (a) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Elisha D. Graff, Esq. (egraff@stblaw.com), Moshe A. Fink, Esq. (moshe.fink@stblaw.com), Rachael L. Foust, Esq. (rachael.foust@stblaw.com), and Zachary J. Weiner, Esq. (zachary.weiner@stblaw.com); (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn. Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), Shella Borovinskaya, Esq. (sborovinskaya@ycst.com), and Carol E. Thompson, Esq. (cthompson@ycst.com); (iii) counsel to any official committee appointed in the Chapter 11 Cases; (iv) counsel to the Ad Hoc Group, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J.

3

Greenberg, Esq. (sgreenberg@gibsondunn.com), Matthew J. Williams, Esq. (mjwilliams@gibsondunn.com), Jason Z. Goldstein, Esq. (jgoldstein@gibsondunn.com), and Tommy Scheffer, Esq. (tscheffer@gibsondunn.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com); (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov); and (vi) any other party entitled to notice under Bankruptcy Rule 2002.

4. Any objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled.

5. The Debtors and any other parties supporting confirmation of the Plan may file reply briefs in response to any responses or objections to the assumption of Executory Contracts and Unexpired Leases, the adequacy of the Disclosure Statement, or confirmation of the Plan by 12:00 p.m. (prevailing Eastern Time) on June 12, 2025 or two (2) business days before the Combined Hearing.

6. The Proposed Confirmation Schedule, as set forth below, is hereby approved in its entirety, and this Court hereby finds the Proposed Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event | Date/Deadline |
|---|---|
| Voting Record Date | April 30, 2025 |
| Commencement of Solicitation | May 6, 2025 |
| Petition Date | May 6, 2025 |
| Combined Hearing Notice, Notices of Non-Voting Status, Member Notice | Within three (3) business days, or as soon as reasonably practicable, after entry of the Proposed Order |
| Executory Contract Objection Deadline | May 23, 2025 at 4:00 p.m. (prevailing Eastern Time) |
| Plan Supplement Filing Deadline | May 30, 2025 at 11:59 p.m. (prevailing Eastern Time) |
| First Lien Credit Agreement New Notes Election Record Date | June 3, 2025 |
| New Notes Election Period Commencement Date | June 4, 2025, prior to 10:00 a.m. (prevailing Eastern Time) |
| Plan/Disclosure Statement Objection Deadline | June 6, 2025, at 4:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | June 6, 2025, at 5:00 p.m. (prevailing Eastern Time) |
| Deadline to File Proposed Confirmation Order | June 13, 2025, at 12:00 p.m. (prevailing Eastern Time), or two (2) business days prior to the Combined Hearing |
| Deadline to File Brief in Support of Confirmation, Including Plan/Disclosure Statement Replies (including, to the extent applicable, replies to any Assumption Objections) | June 13, 2025, at 12:00 p.m. (prevailing Eastern Time), or two (2) business days prior to the Combined Hearing |
| Combined Hearing | June 17, 2025 at 1:00 p.m. (prevailing Eastern Time) |
| New Notes Election Deadline | June 17, 2025, at 5:00 p.m. (prevailing Eastern Time) |

7. The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadline (and related procedures) with the notice of commencement of these Chapter 11 Cases.

8. Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice, substantially the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and the assumption of Executory Contracts and

Unexpired Leases pursuant to the Plan, and no further notice need be given. Additionally, for the Non-Voting Holders, the Combined Notice shall include the applicable notice of non-voting status for Impaired Classes that are deemed to reject the Plan and Unimpaired Classes that are deemed to accept the Plan, as well as a form to opt-in to the releases contemplated in the Plan (the "Opt-In Form"). The Debtors shall cause the Solicitation Agent to mail a copy of the Combined Notice to the parties set forth in the Motion by no later than three (3) business days following the entry of this Order or as soon as reasonably practicable thereafter. The notice procedures set forth in this paragraph comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and the procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan, and are hereby approved.

9. The Debtors are authorized to mail the Combined Notice, which shall include a notice of nonvoting status to the Non-Voting Holders, except for the Members, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement, and the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided however*, that the Debtors will do so upon request from such parties.

10. No later than three (3) business days following the entry of this Order or as soon as reasonably practicable thereafter, the Debtors are authorized to either electronically mail or hard-copy mail, where email addresses are unavailable, or the Member Notice, substantially in the form attached to the Motion as **Exhibit 2**, to the Members at the physical or e-mail addresses maintained in the Debtors' books and records, in lieu of sending the Members the Combined

Notice, the Plan or the Disclosure Statement, and the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to the Members are hereby waived with respect to such Members, provided however, that the Debtors will do so upon request from such parties.

11. The Debtors are granted a waiver of the strict notice requirement with respect to Holders of Intercompany Claims and Intercompany Interests in Classes 5 and 6.

12. The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(a), to provide the Publication Notice of the Combined Hearing and Objection Deadline (substantially in the form attached to the Motion as **Exhibit 3**) as soon as reasonably practicable following the entry of this Order in the national edition of *The New York Times* or another world-wide and/or nationally-circulated newspaper and/or regional newspapers and electronically on the Debtors' case information website (located at https://restructuring.ra.kroll.com/WeightWatchers/), and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail.

13. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages in soliciting acceptances and rejections of the Plan as set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are conditionally approved pending final approval through the Confirmation Order and the rights of parties in interest to object to the Solicitation Procedures in connection with confirmation of the Plan are reserved.

14. The Ballots, substantially in the forms attached to the Motion as **Exhibit B-1**, **Exhibit B-2**, and **Exhibit B-3** are conditionally approved pending final approval

through the Confirmation Order and the rights of parties in interest to object to the Ballots in connection with confirmation of the Plan are reserved.

15. The Executory Contract Procedures are conditionally approved pending final approval through the Confirmation Order and the rights of parties in interest to object to the Executory Contract Procedures in connection with confirmation of the Plan are reserved.

16. The Debtors shall serve each non-Debtor party to an Executory Contract or Unexpired Lease that the Debtors propose to assume with the Combined Notice substantially in the form attached hereto as **Exhibit 1**.

17. The procedures and assumptions used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are conditionally approved pending final approval through the Confirmation Order and the rights of parties in interest to object to such procedures and assumptions in connection with confirmation of the Plan are reserved.

18. The New Notes Election & Distribution Procedures Notice, substantially in the form attached to the Motion as **Exhibit C**, including the election procedures and the New Notes Election Dates, to be used for eligible Holders of First Lien Claims to elect to receive New Takeback Debt in the form of New Notes as set forth in the Motion is conditionally approved pending final approval through the Confirmation Order and the rights of parties in interest to object to such election procedures in connection with confirmation of the Plan are reserved.

19. The Creditors' Meeting shall be deferred unless the Plan is not confirmed on or before the Waiver Deadline, without prejudice to the Debtors' rights to seek further extensions thereof. The U.S. Trustee shall not be required to convene a Creditors' Meeting provided that Confirmation occurs on or before the Waiver Deadline.

20. Cause exists to extend the time by which the Debtors must file SOFAs and Schedules and Rule 2015.3 Reports until the Waiver Deadline, without prejudice to the Debtors' rights to request further extensions thereof; *provided*, that the requirement that the Debtors file SOFAs and Schedules and Rule 2015.3 Reports shall be permanently excused effective upon the date of confirmation of the Plan.

21. Without limiting the foregoing, the Debtors may further extend the deadline to convene the Creditors' Meeting and file Schedules and SOFAs and Rule 2015.3 Reports without filing a supplemental motion, and upon further order from this Court submitted on certification of counsel filed on the docket and served on the Notice Parties, with prior notice to and reasonable agreement of the U.S. Trustee and any official committee appointed in these Chapter 11 Cases, if any (which notice may be by email); provided, further, that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors, the U.S. Trustee, and any official committee appointed in these cases, if any, are unable to reach agreement pursuant to the preceding proviso).

22. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

23. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

24. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

25. Nothing in the Motion or this Order waives or modifies the requirements of the Restructuring Support Agreement, including, without limitation, the consent and consultation rights contained therein.

26. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "<u>Cash Collateral Order</u>").  To the extent there is any inconsistency between the terms of a Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

27. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

28. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: May 8th, 2025  
Wilmington, Delaware

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**