## <u>EXHIBIT 1 TO ORDER</u>

**Proposed Combined Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WW INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-10829 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Ref Docket No. ____** |

**PLEASE BE ADVISED THAT ARTICLE XI OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED. HOLDERS OF CLAIMS WHO ARE UNIMPAIRED BUT DO NOT TIMELY OPT IN TO THE RELEASES BY SUBMITTING THE OPT-IN ELECTION FORM ATTACHED HEREWITH MAY NOT PROVIDE OR RECEIVE SUCH RELEASES. HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN BUT DO NOT TIMELY OPT IN TO THE RELEASES BY SUBMITTING THE OPT-IN ELECTION FORM ATTACHED HEREWITH MAY NOT PROVIDE OR RECEIVE SUCH RELEASES. HOLDERS OF CLAIMS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN THAT DO NOT TIMELY OPT IN TO THE RELEASES BY SUBMITTING THE OPT-IN ELECTION ON THEIR RESPECTIVE BALLOTS MAY NOT PROVIDE OR RECEIVE SUCH RELEASES.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are WW International, Inc. (0273), WW North America Holdings, LLC (6141), WW Canada Holdco, Inc. (5680), WW.com, LLC (4196), W Holdco, Inc. (4087), WW Health Solutions, Inc. (3859), Weekend Health, Inc. (6812), and WW NewCo, Inc. (N/A). The Debtors' headquarters is located at 675 Avenue of the Americas, 6th Floor, New York, NY 10010.

**NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, (II) COMBINED HEARING TO CONSIDER (A) ADEQUACY OF THE DISCLOSURE STATEMENT AND (B) CONFIRMATION OF THE PLAN, (III) ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) OBJECTION DEADLINES, [(V)  NOTICE OF NON-VOTING STATUS OF HOLDERS OF IMPAIRED CLAIMS OR INTERESTS DEEMED TO REJECT THE PLAN AND UNIMPAIRED CLAIMS OR INTERESTS DEEMED TO ACCEPT THE PLAN AND (VI) OPT-IN ELECTION FORM FOR HOLDERS IN NON-VOTING CLASSES][2]**

**-AND-**

**SUMMARY OF THE PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

1.    On May 6, 2025 (the "Petition Date"), WW International, Inc. ("WeightWatchers") and its affiliated debtors and debtors in possession (collectively, the "Debtors") each commenced a case under chapter 11 (collectively, the "Chapter 11 Cases") of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.    On the Petition Date, the Debtors filed a joint "prepackaged" plan of reorganization [Docket No. 18] (the "Plan") and a proposed disclosure statement [Docket No. 17] (the "Disclosure Statement") pursuant to sections 1125 and 1126 of the Bankruptcy Code. Solicitation of the Plan commenced prior to the filing of these Chapter 11 Cases on May 6, 2025. Copies of the Plan, the Disclosure Statement, and related documents may be obtained free of charge by visiting the website maintained by the Debtors' notice, claims and solicitation agent, Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent"), at https://restructuring.ra.kroll.com/WeightWatchers/ or by contacting the Debtors' proposed counsel (Debbie Laskin, paralegal, tel: 302-571-6600; dlaskin@ycst.com). You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: https://www.deb.uscourts.gov. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

3.    The Plan contemplates, among other things, a comprehensive financial restructuring of the Company that will reduce the Company's outstanding funded indebtedness by approximately $1.15 billion and annual interest expense by approximately $50 million. The restructuring contemplated by the Restructuring Support Agreement and the Plan will allow the Company to significantly strengthen its financial foundation, further invest in its growth strategy, and better serve its millions of members around the world.

4.    Critically, as this restructuring is a pure "balance sheet restructuring," the Company does not expect the transactions set forth in the Plan to have any impact on the

---

[2]    Solicitation Agent to tailor to recipient, as applicable.

Company's valued customers (typically referred to as members or subscribers), product offerings, programming, vendors, employees or operations.  Key components of the Plan are as follows:

- Holders of First Lien Claims shall receive their *pro rata* share, of (i) the New Takeback Debt, *provided that* the New Term Loans Creditors shall receive the New Term Loans and the New Notes Creditors shall receive the New Notes; and (ii) subject to the proviso in the next sentence, 91% of the New Common Equity, subject to dilution by the MIP.  Under the Bankruptcy Code, the Holders of First Lien Claims are entitled to 100% of the New Common Equity, but the Holders of the First Lien Claims, by entering into the Restructuring Support Agreement, have agreed to voluntarily reallocate 9% of the New Common Equity (pre-dilution from the MIP) to Holders of Existing Equity Interests (the "Initial Reallocation"); provided that, if the Milestones set forth in the Restructuring Support Agreement have not been met (other than as a result of the breach of the Restructuring Support Agreement by the Consenting Creditors), the 9% of New Common Equity (pre-dilution from the MIP) voluntarily reallocated to the Holders of the Existing Equity Interests shall be automatically forfeited to the Holders of First Lien Claims, who shall then receive 100% of the New Common Equity on a *pro rata* basis on the Effective Date (the "Subsequent Reallocation").

- Holders of Existing Equity Interests shall have all Existing Equity Interests cancelled, released, and extinguished and of no further force and effect and the Holders of Existing Equity Interests shall be voluntarily allocated 9% of the New Common Equity on a *pro rata* basis (pre-dilution from the MIP), from New Common Equity that the Holders of the First Lien Claims would otherwise be entitled to under the Bankruptcy Code pursuant to the Initial Reallocation;  *provided that*, if the Milestones set forth in the Restructuring Support Agreement have not been met (other than as a result of the breach of the Restructuring Support Agreement by the Consenting Creditors), the 9% of New Common Equity voluntarily reallocated to the Holders of the Existing Equity Interests shall be automatically forfeited to the Holders of First Lien Claims, who shall then receive 100% of the New Common Equity (pre-dilution from the MIP) on a *pro rata* basis on the Effective Date, pursuant to the Subsequent Reallocation.

- All Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims shall be paid in full in Cash or receive such other treatment that renders such Claims Unimpaired.

- With the consent of the Required Consenting Creditors (not to be unreasonably withheld), All Allowed Other Secured Claims shall be paid in full in Cash or receive such other treatment that renders such Claims Unimpaired

- All outstanding and undisputed General Unsecured Claims will be Unimpaired by the restructuring transactions contemplated by the Plan unless otherwise agreed to by the Debtors and the Holder of such General Unsecured Claim with the consent of the Required Consenting Creditors (not to be unreasonably withheld).

- Each Intercompany Claim and each Intercompany Interest, at the option of the Debtors, with the consent of the Required Consenting Creditors (not to be unreasonably withheld), shall be (i) Unimpaired and Reinstated or (ii) Impaired and canceled and released without any distribution.

- The Plan includes customary releases and exculpatory and injunctive protection, including consensual third-party releases in favor of the Released Parties, which includes the

Debtors, the Reorganized Debtors, the Agents, the Consenting Creditors, all Holders of Claims and Interests that elect to opt in to the Third-Party Releases set forth in the Plan, and each Related Party of the foregoing parties, *provided that* that in each case, an Entity or Person shall not be a Released Party if it timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the third-party releases contained in the Plan that is not withdrawn or otherwise resolved before Confirmation.

5.    **[PLEASE TAKE FURTHER NOTICE** that, because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, you are a Holder of a Claim or Interest (as currently asserted against the Debtors) that is in a Class that is either Impaired and conclusively deemed to have rejected the Plan or Unimpaired and conclusively deemed to have accepted the Plan.  Thus, pursuant to section 1126(g) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.][3]

## I.    HEARING TO CONSIDER ADEQUACY OF DISCLOSURE STATEMENT, CONFIRMATION OF THE PLAN, AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.    A combined hearing to consider adequacy of the Disclosure Statement, confirmation of the Plan, the assumption of Executory Contracts and Unexpired Leases, any objections to any of the foregoing and any other matter that may properly come before the Court, will be held before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge, in Courtroom No. [__] of the United States Bankruptcy Court, 824 North Market Street, [__]th Floor, Wilmington, Delaware 19801, on June 17, 2025 at 1:00 p.m. (prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "Combined Hearing").  The Combined Hearing may be adjourned from time to time without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in these Chapter 11 Cases, and will be available on the electronic case filing docket and the Solicitation Agent's website at https://restructuring.ra.kroll.com/WeightWatchers/.

7.    Any responses or objections to the Disclosure Statement and/or the Plan must (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof; and (iv) be filed with the Court, no later than **4:00 p.m. (prevailing Eastern Time) on June 6, 2025**.  In addition to being filed with the Court, any responses or objections must be served on the following parties (collectively, the "Notice Parties") so as to be received by such deadline:

a)    Proposed co-counsel for the Debtors, (a) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Elisha D. Graff, Esq. (egraff@stblaw.com), Moshe A. Fink, Esq. (moshe.fink@stblaw.com), Rachael L. Foust, Esq. (rachael.foust@stblaw.com), and Zachary J. Weiner, Esq. (zachary.weiner@stblaw.com); (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.

---

[3]    Solicitation Agent to tailor to recipient, as applicable.

Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), Shella Borovinskaya, Esq. (sborovinskaya@ycst.com), and Carol E. Thompson, Esq. (cthompson@ycst.com);

b)      the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov);

c)      counsel to the Ad Hoc Group, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), Matthew J. Williams, Esq. (mjwilliams@gibsondunn.com), Jason Z. Goldstein, Esq. (jgoldstein@gibsondunn.com), and Tommy Scheffer, Esq. (tscheffer@gibsondunn.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com);

d)      counsel to any statutory committee appointed in these Chapter 11 Cases; and

e)      any other party entitled to notice under Bankruptcy Rule 2002.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT SHALL NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## II.    NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.      You or one of your affiliates may be a counterparty to one or more contracts or leases that may be an Executory Contract or Unexpired Lease with one or more of the Debtors. Except as otherwise provided in the Plan, as of the Effective Date, ***the Debtors shall be deemed to have assumed each Executory Contract and Unexpired Lease to which it is a party in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code***, without the need for any further notice or action, order or approval of the Court, unless such Executory Contract or Unexpired Lease: (1) was assumed or rejected previously by such Debtor; (2) expired or terminated pursuant to its own terms prior to the Effective Date; or (3) is the subject of a motion to reject filed on or before the Effective Date.

9.      Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the assumptions or assumption and assignment, as applicable, of such Executory Contracts or Unexpired Leases as provided for in the Plan, pursuant to sections 365(a) and 1123

of the Bankruptcy Code effective as of the Effective Date. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

**10.    ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT DOES NOT TIMELY OBJECT TO THE PROPOSED ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE BY THE EXECUTORY CONTRACT OBJECTION DEADLINE WILL BE DEEMED TO HAVE CONSENTED TO SUCH ASSUMPTION. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE COURT.**

11.    <u>**Objections to the Assumption of Executory Contracts and Unexpired Leases:**</u> If you believe any further amounts are due as a result of a Debtor's monetary default under an Executory Contract or Unexpired Lease or you wish to object to the assumption of an Executory Contract or Unexpired Lease under the Plan, including an objection regarding the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) (each, an "<u>Assumption Objection</u>"), you may assert an Assumption Objection against the Debtor or Reorganized Debtors, as applicable, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such Assumption Objection. Your response or objection to the assumption of an Executory Contract or Unexpired Lease must: (a) be in writing; (b) conform to the applicable Federal Rules and the Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof and (iv) be filed with the Court and served on the Notice Parties so as to be received by **<u>May 23, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>** (or such other date as may be established by the Court) (the "<u>Executory Contract Objection Deadline</u>"). Any counterparty to an assumed Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of such Executory Contract or Unexpired Lease, including an objection regarding the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), prior to the Executory Contract Objection Deadline (i) shall be deemed to have assented to such proposed assumption and shall be deemed to have forever released and waived such Assumption Objection and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; and (ii) shall be forever barred from imposing or charging against any Reorganized Debtor any accelerations, increases or any other fees as a result of any assumption pursuant to the Plan. For the avoidance of doubt, all rights of a counterparty to assert that further amounts are due as a result of a Debtor's monetary default under an Executory Contract or Unexpired Lease are preserved after the Effective Date and can be asserted in the ordinary course of business, regardless of whether such counterparty files an Assumption Objection, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such claims. You do not need to file an Assumption Objection to preserve your claim after the Effective Date that further amounts are due as a result of a Debtor's monetary default under an Executory Contract or Unexpired Lease.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

## III. SUMMARY OF THE PLAN[4]

12. **As set forth above, on the Petition Date, the Debtors announced the consensual Plan with the Consenting Creditors, which will significantly reduce their debt. It was agreed by the Debtors and the Consenting Creditors to consummate the Plan through a prepackaged chapter 11 filing. The parties' agreement significantly reduces the Debtors' debt burden and annual interest expense and the Debtors believe that consummation of the Restructuring Transactions will allow the Company to significantly strengthen its financial foundation, further invest in its growth strategy, and better serve its millions of members around the world.**

13. **Chapter 11 is a section of the Bankruptcy Code that allows companies to reorganize while continuing to operate their businesses in the ordinary course. The filing is "prepackaged" and only impacts certain of WeightWatchers' U.S. entities. A prepackaged filing is advantageous, as it means that the Debtors have already reached agreement with lenders and noteholders regarding how the transaction should be implemented. This not only ensures alignment and support among the affected parties, but also means business can continue without interruption in the U.S. and globally and that the Company will move through this process swiftly, with the goal of emerging from the court-supervised reorganization process in approximately 45 days, if not sooner.**

14. **Here is what the Plan and the chapter 11 filing means for the Debtors' members, vendors, and employees. As this restructuring is a pure "balance sheet restructuring," the Company does not expect the transactions set forth in the Plan to have any impact on the Company's valued members, product offerings, programming, vendors, employees or operations.**

15. The table below provides a summary of the classification, description, treatment, and anticipated recovery of Claims and Interests under the Plan. This information is provided in summary form below for illustrative purposes only and is qualified in its entirety by reference to the provisions of the Plan. For a more detailed description of the treatment of Claims and Interests under the Plan and the sources of satisfaction for Claims and Interests, see Section VI of the Disclosure Statement, entitled "Summary of Certain Issues Relating to the Chapter 11 Cases, the Plan, Voting and Election Procedures."

---

[4] The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. For a more detailed description of the Plan, please refer to the Disclosure Statement. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

| Class | Status | Entitled to Vote | Estimated Amount of Claims in Class[5] | Estimated Recovery (%) |
|---|---|---|---|---|
| Class 1: Other Secured Claims | Unimpaired | No (presumed to accept) | N/A | 100% |
| Class 2: Other Priority Claims | Unimpaired | No (presumed to accept) | N/A | 100% |
| **Class 3: First Lien Claims** | **Impaired** | **Yes** | **$1,620,000,000, plus interest, fees, costs, charges, and other amounts arising under or in connection with the First Lien Claims** | **34% – 57%** |
| Class 4: General Unsecured Claims | Unimpaired | No (deemed to accept) | $38,100,000 | 100% |
| Class 5: Intercompany Claims | Unimpaired / Impaired | No (deemed to accept); Yes (deemed to reject) | N/A | 100% / 0% |
| Class 6: Intercompany Interests | Unimpaired / Impaired | No (deemed to accept); Yes (deemed to reject) | N/A | 100% / 0% |
| Class 7: Existing Equity Interests | Impaired | No (deemed to reject) | 80,280,308 of outstanding shares of Existing Equity Interests and any restricted stock units, performance stock units or options deemed to be vested on the Effective Date in accordance with the Plan | *Pro Rata* share of 9% of the New Common Equity, subject to dilution by the MIP, provided that if the Milestones (as defined in the Restructuring Support Agreement) have not been met (other than as a result of the breach of the Restructuring Support Agreement by the Consenting Creditors) of the Restructuring Support Agreement, the 9% of New Common Equity voluntarily reallocated to the Holders of the Existing Equity Interests shall be automatically |

---

[5]    The amounts set forth in this chart reflect the Debtors' most current estimates of projected claim amounts.

| Class | Status | Entitled to Vote | Estimated Amount of Claims in Class[5] | Estimated Recovery (%) |
|---|---|---|---|---|
| | | | | forfeited to the Holders of First Lien Claims |

## IV.  NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN[6]

PLEASE BE ADVISED THAT ARTICLE XI OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.

### *ARTICLE XI.D. RELEASES BY THE DEBTORS*

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives,**

---

[6]  "Released Party" means, collectively each of, and in each case in its capacity as such: (i) each Debtor; (ii) each Reorganized Debtor; (iii) each Agent; (iv) the Consenting Creditors; (v) all Holders of Claims and Interests that elect to opt in to the third party releases set forth in Article XI of the Plan and (vi) each Related Party of each Entity or Person in clause (i) through clause (v); provided that in each case, an Entity or Person shall not be a Released Party if it timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the third party releases contained in the Plan that is not withdrawn or otherwise resolved before Confirmation.

"Releasing Party" means, collectively each of, and in each case in its capacity as such: (i) the Released Parties; (ii) all Holders of Claims and Interests that elect to "opt in" to the third-party releases set forth in Article XI of the Plan; and (iii) each Related Party of each Entity or Person in clause (i) and clause (ii).

"Exculpated Parties" means, collectively, and in each case in its capacity as such: (i) the Debtors; (ii) the Reorganized Debtors; and (iii) each Related Party of each Entity in clause (i) through (ii), *provided* that "Exculpated Parties" shall not include Holders of Existing Equity Interests.

"Related Party" means, collectively, with respect to any Entity or Person, including each Released Party and Exculpated Party, such Entity or Person's, current, former and future Affiliates, member firms and associated entities, and with respect to each of the foregoing, their Affiliates, current and former directors, current and former managers, current and former officers, current and former equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns, subsidiaries, affiliates, managed accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, employees, agents, trustees, advisory board members, investment fund advisors or managers, investment managers, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals (including, for the avoidance of doubt, the Ad Hoc Group Advisors).

and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, fixed or contingent, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor, a Reorganized Debtor, their Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the Debtors' capital structure, business, management, ownership, or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between or among any Debtor and any Released Party, the ownership and/or operation of the Debtors by any Released Party or the distribution of any Cash or other property of the Debtors to any Released Party, First Lien Credit Agreement Claims, the Senior Secured Notes Claims, cash management arrangements, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any avoidance actions (but excluding avoidance actions brought as counterclaims or defenses to Claims asserted against the Debtors by Released Parties other than the Consenting Creditors), intercompany transactions between or among a Debtor or an Affiliate of a Debtor and another Debtor or Affiliate of a Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the First Lien Credit Agreement, the Senior Secured Notes Indenture, the New Term Loan Documents, the New Notes Documents, the Plan (including, for the avoidance of doubt, the Plan Supplement), any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the First Lien Credit Agreement and any facility thereunder, the Senior Secured Notes Indenture and any facility thereunder, the New Term Loan Documents, the New Notes Documents, the New Common Equity, the New Organizational Documents, the Plan, the Plan Supplement, any other Definitive Document before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the solicitation of votes on the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of debt, equity and/or other securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, other than claims or liabilities primarily arising out of any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each

solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the New Term Loan Documents (including any amendments thereto), the New Notes Documents (including any amendments thereto), the New Organizational Documents or any Claim or obligation arising under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the release herein, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the release herein is: (i) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (ii) a good faith settlement and compromise of the Claims released hereby; (iii) in the best interests of the Debtors and all holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; and (vi) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released hereby.

### *ARTICLE XI.E. CONSENSUAL RELEASES BY HOLDERS OF CLAIMS AND INTERESTS*

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party from any and all Claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims, asserted or assertable on behalf of any of the foregoing Entities, whether known or unknown, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, fixed or contingent, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been entitled to assert (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor, a Reorganized Debtor, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, business, management, ownership, or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between or among any Debtor and any Released Party, the ownership and/or operation of the Debtors by any Released Party or the distribution of any Cash or other property of the Debtors to any Released Party, the First Lien Credit Agreement Claims, the Senior Secured

Notes Claims, cash management arrangements, the assertion or enforcement of rights or remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any avoidance actions (but excluding avoidance actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among a Debtor or an Affiliate of a Debtor and another Debtor or Affiliate of a Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the First Lien Credit Agreement, the Senior Secured Notes Indenture, the New Term Loan Documents, the New Notes Documents, the Plan (including, for the avoidance of doubt, the Plan Supplement), any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the First Lien Credit Agreement and any facility thereunder, the Senior Secured Notes Indenture and any facility thereunder, the New Term Loan Documents, the New Notes Documents, the New Common Equity, the New Organizational Documents, the Plan, the Plan Supplement, any other Definitive Document before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Cases, the solicitation of votes on the Plan, the pursuit of Confirmation of the Plan, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of debt and/or securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, other than claims or liabilities primarily arising out of any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the New Term Loan Documents, the New Notes Documents, the New Organizational Documents or any Claim or obligation arising under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the release herein, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the release herein is:  (i) consensual; (ii) essential to the Confirmation of the Plan; (iii) given in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (iv) a good faith settlement and compromise of the Claims released hereby; (v) in the best interests of the Debtors and their Estates; (vi) fair, equitable, and reasonable; (vii) given and

made after due notice and opportunity for hearing; and (viii) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released hereby.

### *ARTICLE XI.C. EXCULPATION AND LIMITATION OF LIABILITY*

**Notwithstanding anything contained in the Plan to the contrary, to the fullest extent permissible under applicable law and without affecting or limiting the releases in Article XI.D and XI.E of the Plan, effective as of the Effective Date, no Exculpated Party shall have or incur liability or obligation for, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the First Lien Credit Agreement Claims, the Senior Secured Notes Claims, cash management arrangements, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions, the First Lien Credit Agreement and any facility thereunder, the Senior Secured Notes Indenture and any facility thereunder, the New Term Loan Documents, the New Notes Documents, the New Common Equity, the New Organizational Documents, the Disclosure Statement, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Restructuring Support Agreement, the First Lien Credit Agreement, the Senior Secured Notes Indenture, the New Term Loan Documents, the New Notes Documents, the Disclosure Statement, the Plan, the Plan Supplement, before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of debt and/or securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

**The Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore,**

are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### *ARTICLE XI.B. DISCHARGE AND ARTICLE XI.F. INJUNCTION*

PURSUANT TO SECTION 1141(D) OF THE BANKRUPTCY CODE AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE DEFINITIVE DOCUMENTS, THE PLAN, THE CONFIRMATION ORDER OR IN ANY CONTRACT, INSTRUMENT, OR OTHER AGREEMENT OR DOCUMENT CREATED PURSUANT TO THE PLAN, THE DISTRIBUTIONS, RIGHTS, AND TREATMENT THAT ARE PROVIDED IN THE PLAN SHALL BE IN COMPLETE SATISFACTION, DISCHARGE, AND RELEASE, EFFECTIVE AS OF THE EFFECTIVE DATE, OF CLAIMS, INTERESTS, AND CAUSES OF ACTION OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS OR INTERESTS FROM AND AFTER THE PETITION DATE, WHETHER KNOWN OR UNKNOWN, AGAINST, LIABILITIES OF, LIENS ON, OBLIGATIONS OF, RIGHTS AGAINST, AND INTERESTS IN THE DEBTORS OR ANY OF THEIR ASSETS OR PROPERTIES, REGARDLESS OF WHETHER ANY PROPERTY SHALL HAVE BEEN DISTRIBUTED OR RETAINED PURSUANT TO THE PLAN ON ACCOUNT OF SUCH CLAIMS AND INTERESTS, INCLUDING DEMANDS, LIABILITIES, AND CAUSES OF ACTION THAT AROSE BEFORE THE EFFECTIVE DATE, ANY LIABILITY (INCLUDING WITHDRAWAL LIABILITY) TO THE EXTENT SUCH CLAIMS OR INTERESTS RELATE TO SERVICES THAT EMPLOYEES OF THE DEBTORS HAVE PERFORMED PRIOR TO THE EFFECTIVE DATE AND THAT ARISE FROM A TERMINATION OF EMPLOYMENT, ANY CONTINGENT OR NON-CONTINGENT LIABILITY ON ACCOUNT OF REPRESENTATIONS OR WARRANTIES ISSUED ON OR BEFORE THE EFFECTIVE DATE, AND ALL DEBTS OF THE KIND SPECIFIED IN SECTIONS 502(G), 502(H), OR 502(I) OF THE BANKRUPTCY CODE, IN EACH CASE WHETHER OR NOT (I) A PROOF OF CLAIM BASED UPON SUCH DEBT OR RIGHT IS FILED OR DEEMED FILED PURSUANT TO SECTION 501 OF THE BANKRUPTCY CODE, (II) A CLAIM OR INTEREST BASED UPON SUCH DEBT, RIGHT, OR INTEREST IS ALLOWED PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, OR (III) THE HOLDER OF SUCH A CLAIM OR INTEREST HAS ACCEPTED THE PLAN OR VOTED OR ABSTAINED FROM VOTING ON THE PLAN.   THE CONFIRMATION ORDER SHALL BE A JUDICIAL DETERMINATION OF THE DISCHARGE OF ALL CLAIMS AND INTERESTS SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE. FROM AND AFTER THE EFFECTIVE DATE ALL ENTITIES WILL BE PRECLUDED FROM ASSERTING AGAINST, DERIVATIVELY ON BEHALF OF, OR THROUGH, THE DEBTORS, THE DEBTORS' ESTATES, THE REORGANIZED DEBTORS, EACH OF THEIR SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED PRIOR TO THE EFFECTIVE DATE.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS OR DISTRIBUTIONS ISSUED OR

**REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES:  (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE PLAN EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.  UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.  EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER OR REINSTATEMENT OF SUCH CLAIM OR INTEREST, AS APPLICABLE, PURSUANT TO THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH HEREIN.**

<u>**BINDING NATURE OF THE PLAN:  ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND EXISTING EQUITY INTERESTS IN THE DEBTORS, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT ANY SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR EXISTING EQUITY INTEREST IN THESE**</u>

**CHAPTER 11 CASES OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN.**

*[Remainder of Page Intentionally Left Blank]*

## ADDITIONAL INFORMATION AND OPT-IN ELECTION FORM FOR HOLDERS IN NON-VOTING CLASSES

### Non-Voting Status

You are receiving this notice as a Holder or potential Holder of a Claim against or Interest in one or more of the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, is not entitled to vote on the Plan. Specifically, under the terms of the Plan, (i) Claims in Classes 1, 2, and 4 are Unimpaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan; (ii) Claims in Class 5 and Interests in Class 6 are either Unimpaired or Impaired under the Plan and are conclusively presumed to accept or reject the Plan; and (iii) Interests in Class 7 are Impaired under the Plan and, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject the Plan (collectively, Classes 1, 2, 4, 5, 6, and 7, the "Non-Voting Classes").

As set forth above, the Plan, the Disclosure Statement, and related documents are accessible, free of charge, on the following website maintained by the Debtors' claims, balloting, and noticing agent, Kroll Restructuring Administration LLC (the "Solicitation Agent"): https://restructuring.ra.kroll.com/WeightWatchers/. Copies of the Plan, Disclosure Statement, and related documents may also be obtained free of charge: (a) by contacting the Solicitation Agent by phone at (888) 643-6250 (U.S. / Canada, toll-free) or +1 (646) 930-4293 (International, toll); or (b) by email at WeightWatchersInfo@ra.kroll.com (with "WeightWatchers Solicitation Inquiry" in the subject line). The Plan, Disclosure Statement, and related documents are also available for a fee through the Bankruptcy Court's electronic case filing system at https://ecf.deb.uscourts.gov/ using a PACER password (to obtain a PACER password, go to the PACER website at http://pacer.psc.uscourts.gov).

### Release Opt-In Election

As described in more detail above, Article XI of the Plan contains certain consensual third-party releases. Specifically, these consensual releases will be provided by each "Releasing Party," defined in the Plan to mean: collectively each of, and in each case in its capacity as such: (i) the Released Parties; (ii) all Holders of Claims and Interests that elect to "opt in" to the third-party releases set forth in Article XI of the Plan; and (iii) each Related Party of each Entity or Person in clause (i) and clause (ii).

This form provides you with an opportunity to elect to opt-in to the consensual releases in Article XI of the Plan.

You should review the Disclosure Statement and the Plan before you make any elections on this form. You may wish to seek legal advice concerning the elections available under this form. Copies of the Disclosure Statement and the Plan may be found on the website of the Debtors' Solicitation Agent at https://restructuring.ra.kroll.com/WeightWatchers/.

Questions may be directed to the Solicitation Agent at (888) 643-6250 (U.S. / Canada, toll-free) or +1 (646) 930-4293 (International, toll), or by emailing the Solicitation Agent at

WeightWatchersInfo@ra.kroll.com (with "WeightWatchers Solicitation Inquiry" in the subject line).

**If you wish to opt in to being a "Releasing Party" and be eligible to be considered a "Released Party" under Article XI of the Plan, please check the following box and complete this form. Your decision on this election does not affect the amount of distribution you will receive under the Plan.**

| |
|---|
| The undersigned elects to (check the box below to indicate your Opt-In election): |
| ☐     **OPT IN** to the Third-Party Release set forth in Article XI of the Plan |

**Certifications.**

By signing this Opt-In Form, the undersigned certifies:

(a) that, either: (i) the undersigned is a Holder of a Claim against or Existing Equity Interests in the Debtors that is not entitled to vote on the Plan or (ii) the undersigned is an authorized signatory of a Holder of a Claim against or Existing Equity Interests in the Debtors that is not entitled to vote on the Plan;

(b) that the Holder has received a copy of the *Notice of (i) Commencement Of Chapter 11 Cases Under Chapter 11 of the Bankruptcy Code, (ii) Combined Hearing to Consider (a) Adequacy of the Disclosure Statement and (b) Confirmation Of The Plan, (iii) Assumption of Executory Contracts and Unexpired Leases and (iv) Objection Deadlines, (v) Notice of Non-Voting Status of Holders of Impaired Claims or Interests Deemed to Reject the Plan and Unimpaired Claims or Interests Deemed to Accept the Plan and (vi) Opt-In Election Form for Holders in Non-Voting Classes and Summary of the Plan* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c) that the undersigned has submitted the Opt-In Form with respect to all of its Claims against or Existing Equity Interests in the Debtors; and

(d) that no other Opt-In Form with respect to these Claims against or Existing Equity Interests in the Debtors has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims against or Existing Equity Interests in the Debtors, then any such earlier Opt-In Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO OPT IN TO THE THIRD-PARTY RELEASES, THE OPT-IN FORM MUST BE COMPLETED AND SUBMITTED, ON OR BEFORE THE OPT-IN DEADLINE OF JUNE 6, 2025 AT 5:00 P.M. (PREVAILING EASTERN TIME), BY ONLY ONE OF THE FOLLOWING APPROVED SUBMISSION METHODS:**

| First Class Mail, Overnight Courier or Hand-Delivery To: | Electronic, online submission: |
|---|---|
| WeightWatchers Ballot Processing Center c/o Kroll Restructuring Administration LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232 <br><br> (to arrange hand-delivery, please email WeightWatchersBallots@ra.kroll.com (with "WeightWatchers Opt-In Form Delivery" in the subject line) at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery) | To submit your Opt-In Form via Kroll's online portal, please visit: https://restructuring.ra.kroll.com/WeightWatchers/, click on "Submit E-Ballot" and follow the instructions to submit your Opt-In Form. <br><br> IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-In Form: <br><br> Unique E-Opt-In ID#:_____ <br><br> Kroll's online portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission.  Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted. <br><br> Creditors who submit an Opt-In Form using Kroll's online portal should NOT also submit a paper Opt-In Form. <br><br> If you have any questions, please contact Kroll at (888) 643-6250 (U.S./Canada, toll-free) or +1 (646) 930-4293 (international, toll) or WeightWatchersInfo@ra.kroll.com (with |

| | "WeightWatchers Solicitation Inquiry" in the subject line). |
|---|---|

For all persons or entities who hold one or more positions in the Debtors' Class 7 Existing Equity Interests (as identified by the CUSIP and ISIN set forth below) in "street name" at a bank, broker, or other intermediary, through DTC or another similar depository (such Holders being "Beneficial Holders" of the Debtors' Existing Equity Interests):

   CUSIP 98262P101 / ISIN US98262P1012 (Common Stock)

   By electronic, online submission:

As a Beneficial Holder of the Debtors' Class 7 Existing Equity Interests, you will not be issued a Unique E-Opt-In ID# and will, therefore, not be able to retrieve and submit the customized electronic version of your Opt-In Form through the online portal described above. Instead, click on the Public Equity Opt-In Portal link located on the left-hand Case Navigation panel of the Debtors' restructuring website at: https://restructuring.ra.kroll.com/WeightWatchers to upload a PDF of your completed Opt-In Form. For the avoidance of doubt, only Holders of Class 7 Existing Equity Interests, whose ownership thereof is registered in the Holder's own name directly on the books and records of the Debtors and/or the Debtors' transfer agent, will receive a Unique E-Opt-In ID#, which will enable them to retrieve and submit a customized electronic version of their Opt-In Form.

## **SECTION 341(A) MEETING**

   The Debtors intend to request that the Bankruptcy Court defer a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") and **that the Section 341(a) Meeting will not be convened if the Plan is confirmed by within 70 (seventy) days of the Petition Date.** If the Section 341(a) Meeting will be convened, the Debtors will file and serve on the parties on whom they served this notice and any other parties entitled to notice pursuant to the Bankruptcy Rules, and post on the website at https://restructuring.ra.kroll.com/WeightWatchers not less than twenty-one (21) days before the date scheduled for such meeting, a notice of, among other things, the date, time, and place of the Section 341(a) Meeting. The meeting may be adjourned or continued from time to time by notice at the meeting, without further notice to creditors.

   *[Remainder of Page Intentionally Left Blank]*

Dated:  May [●], 2025
     Wilmington, Delaware

**YOUNG  CONAWAY  STARGATT  & TAYLOR, LLP**

*/s/ DRAFT*
_____
Edmon L. Morton (No. 3856)
Sean M. Beach (No. 4070)
Shella Borovinskaya (No. 6758)
Carol E. Thompson (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: emorton@ycst.com
sbeach@ycst.com
sborovinskaya@ycst.com
cthompson@ycst.com

- and -

**SIMPSON THACHER & BARTLETT LLP**
Elisha D. Graff (*pro hac vice pending*)
Moshe A. Fink (*pro hac vice pending*)
Rachael L. Foust (*pro hac vice pending*)
Zachary J. Weiner (*pro hac vice pending*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: egraff@stblaw.com
moshe.fink@stblaw.com
rachael.foust@stblaw.com
zachary.weiner@stblaw.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT 2 TO ORDER</u>**

**Proposed Member Notice**

# WeightWatchers.

WW International, Inc.
675 Avenue of the Americas, 6th Floor
New York, NY 10010

May 6, 2025

VIA FIRST CLASS MAIL

RE:     **WW International, Inc.,** *et al.*

       **Chapter 11 Case No. 25-10829 (CTG)**

On May 6, 2025, WW International, Inc. ("WeightWatchers") and certain of its affiliates (collectively, the "Debtors" or the "Company") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Prior to commencing the Chapter 11 Cases, the Company entered into a restructuring support agreement (the "Restructuring Support Agreement") with holders of more than 71% in the aggregate principal amount of the First Lien Credit Agreement Claims and holders of 74% in the aggregate principal amount of the Senior Secured Notes Claims (collectively, the "Consenting Creditors"), pursuant to which the Debtors and the Consenting Creditors agreed to a comprehensive restructuring of the Debtors' balance sheet. The Company and the Consenting Creditors agreed to implement the restructuring through a prepackaged chapter 11 filing in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and, on the Petition Date, filed a prepackaged plan of reorganization (the "Plan") with the Bankruptcy Court.[1]

The Plan contemplates, among other things, a comprehensive financial restructuring of the Company that will reduce the Company's outstanding funded indebtedness by approximately $1.15 billion and annual interest expense by approximately $50 million. The restructuring contemplated by the Restructuring Support Agreement and the Plan will allow the Company to significantly strengthen its financial foundation, further invest in its growth strategy, and better serve its millions of members around the world.

You have received this letter because you are one of WeightWatchers' closest partners: its members. Members will see no change in business or the services they receive. As this restructuring is a pure "balance sheet restructuring," the Company does not expect the transactions set forth in the Plan to have any impact on the Company's valued members, product offerings, programming, vendors, employees or operations.

Chapter 11 is a section of the Bankruptcy Code that allows companies to restructure their debt obligations while continuing to operate their businesses. The filing is "prepackaged" and only impacts certain of WeightWatchers' U.S. entities. A prepacked filing is advantageous as it means the Company has already reached agreement with its lenders and noteholders regarding how the transaction should be implemented and the terms thereof. This not only ensures alignment and support among the affected parties but also means business can continue without interruption in the U.S. and globally and that the Company will move through this process swiftly, with the

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Plan.

goal of emerging from the court-supervised reorganization process in approximately 45 days, if not sooner.

WeightWatchers is taking this step, with the overwhelming support of its lenders and noteholders, to accelerate innovation, invest in its members, and lead with authority in a rapidly evolving weight management landscape.  At the conclusion of this process, WeightWatchers will have a significantly de-levered balance sheet, which will allow the Company to move forward with even greater resources and focus, enabling it to expand its model of care, accelerate digital innovation, and deliver best-in-class outcomes for its members.

**Please be advised that Article XI of the Plan contains certain release, exculpation, and injunction provisions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions set forth in Article XI of the Plan, as you may have the opportunity to opt-in to providing certain releases to the "Released Parties" under the Plan.**

A combined hearing to consider the adequacy of the Disclosure Statement, confirmation of the Plan, the assumption of Executory Contracts and Unexpired Leases, and any objections to any of the foregoing, will be held before the Honorable [_____], United States Bankruptcy Judge, in Courtroom No. [#] of the United States Bankruptcy Court, 824 N. Market Street, [__] Floor, Wilmington, Delaware 19801, on [____], 2025 at ____ (prevailing Eastern Time).  Any responses or objections to the Disclosure Statement and/or the Plan must be (i) in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware; (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service, no later than **4:00 p.m. (prevailing Eastern Time) on June 6, 2025**.

In addition to being filed with the Court, any responses or objections must be served on the following parties so as to be received by such deadline:

a)      Proposed co-counsel for the Debtors, (a) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn:  Elisha D. Graff, Esq. (egraff@stblaw.com), Moshe A. Fink, Esq. (moshe.fink@stblaw.com), Rachael L. Foust, Esq. (rachael.foust@stblaw.com), and Zachary J. Weiner, Esq. (zachary.weiner@stblaw.com); (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn. Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), Shella Borovinskaya, Esq. (sborovinskaya@ycst.com), and Carol E. Thompson, Esq. (cthompson@ycst.com);

b)      the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov);

c)      counsel to the Ad Hoc Group, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), Matthew J. Williams, Esq. (mjwilliams@gibsondunn.com), Jason Z. Goldstein, Esq. (jgoldstein@gibsondunn.com), and Tommy Scheffer, Esq. (tscheffer@gibsondunn.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com);

d)      counsel to any statutory committee appointed in these Chapter 11 Cases; and

e)      any other party entitled to notice under Bankruptcy Rule 2002.

Copies of the Plan, the Disclosure Statement, and related documents may be obtained free of charge by visiting the website maintained by the Debtors' notice, claims and solicitation agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/WeightWatchers/.

Sincerely,

_____
Felicia DellaFortuna
Chief Financial Officer
WW International, Inc.

## **EXHIBIT 3 TO ORDER**

### **Proposed Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WW INTERNATIONAL, INC., *et al.*,[10] | Case No. 25-10829 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Ref Docket No. ___** |

**PLEASE BE ADVISED THAT ARTICLE XI OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.  HOLDERS OF CLAIMS WHO ARE UNIMPAIRED BUT DO NOT TIMELY OPT IN TO THE RELEASES BY SUBMITTING THE OPT-IN ELECTION FORM ATTACHED HEREWITH SHALL NOT PROVIDE OR RECEIVE SUCH RELEASES.  HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN BUT DO NOT TIMELY OPT IN TO THE RELEASES BY SUBMITTING THE OPT-IN ELECTION FORM ATTACHED HEREWITH SHALL NOT PROVIDE OR RECEIVE SUCH RELEASES. HOLDERS OF CLAIMS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN THAT DO NOT TIMELY OPT IN TO THE RELEASES BY SUBMITTING THE OPT-IN ELECTION ON THEIR RESPECTIVE BALLOTS MAY NOT PROVIDE OR RECEIVE SUCH RELEASES.**

---

[10] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are WW International, Inc. (0273), WW North America Holdings, LLC (6141), WW Canada Holdco, Inc. (5680), WW.com, LLC (4196), W Holdco, Inc. (4087), WW Health Solutions, Inc. (3859), Weekend Health, Inc. (6812), and WW NewCo, Inc. (N/A).  The Debtors' headquarters is located at 675 Avenue of the Americas, 6th Floor, New York, NY 10010.

**NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, (II) COMBINED HEARING TO CONSIDER (A) ADEQUACY OF THE DISCLOSURE STATEMENT AND (B) CONFIRMATION OF THE PLAN, (III) ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) OBJECTION DEADLINES**

**-AND-**

**SUMMARY OF PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

1.     On May 6, 2025 (the "<u>Petition Date</u>"), WW International, Inc. and certain of its affiliates (collectively, the "<u>Debtors</u>") each commenced a case under chapter 11 (collectively, the "<u>Chapter 11 Cases</u>") of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

2.     On the Petition Date, the Debtors filed a joint "prepackaged" plan of reorganization (the "<u>Plan</u>") and a proposed disclosure statement (the "<u>Disclosure Statement</u>") pursuant to sections 1125 and 1126 of the Bankruptcy Code. Solicitation of the Plan commenced prior to the filing of these Chapter 11 Cases on May 6, 2025. Copies of the Plan, the Disclosure Statement, and related documents may be obtained free of charge by visiting the website maintained by the Debtors' notice, claims and solicitation agent, Kroll Restructuring Administration LLC (the "<u>Solicitation Agent</u>"), at https://restructuring.ra.kroll.com/WeightWatchers/ or by contacting the Debtors' proposed counsel (Debbie Laskin, paralegal, tel: 302-571-6600; dlaskin@ycst.com). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

**I.     HEARING TO CONSIDER COMPLIANCE WITH DISCLOSURE REQUIREMENTS, CONFIRMATION OF THE PREPACKAGED PLAN, AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

3.     A combined hearing to consider adequacy of the Disclosure Statement, confirmation of the Plan, the assumption of Executory Contracts and Unexpired Leases and any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge, in Courtroom No. [__] of the United States Bankruptcy Court, 824 North Market Street, [__]th Floor, Wilmington, Delaware 19801, on _____ ____, 2025 at _____ __.m. (prevailing Eastern Time) or as soon thereafter as counsel may be heard (the "<u>Combined Hearing</u>"). The Combined Hearing may be adjourned from time to time without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in the Chapter 11 Cases, and will be available on the electronic case filing docket and the Solicitation Agent's website at https://restructuring.ra.kroll.com/WeightWatchers/.

4.     Any responses or objections to the Disclosure Statement and/or the Plan must (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the United States Bankruptcy Court for the District

4

of Delaware (the "Local Rules"); (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service, no later than **4:00 p.m. (prevailing Eastern Time) on June 6, 2025**.  In addition to being filed with the Court, any responses or objections must be served on the following parties so as to be received by such deadline:

a)    Proposed co-counsel for the Debtors, (a) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Elisha D. Graff, Esq. (egraff@stblaw.com), Moshe A. Fink, Esq. (moshe.fink@stblaw.com), Rachael L. Foust, Esq. (rachael.foust@stblaw.com), and Zachary J. Weiner, Esq. (zachary.weiner@stblaw.com); (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn. Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), Shella Borovinskaya, Esq. (sborovinskaya@ycst.com), and Carol E. Thompson, Esq. (cthompson@ycst.com);

b)    the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov);

c)    counsel to the Ad Hoc Group, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), Matthew J. Williams, Esq. (mjwilliams@gibsondunn.com), Jason Z. Goldstein, Esq. (jgoldstein@gibsondunn.com), and Tommy Scheffer, Esq. (tscheffer@gibsondunn.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Timothy P. Cairns (Tcairns@pszjlaw.com);

d)    counsel to any statutory committee appointed in these Chapter 11 Cases; and

e)    any other party entitled to notice under Bankruptcy Rule 2002.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT SHALL NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## II.    NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.    You or one of your affiliates may be a counterparty to one or more contracts or leases that may be an Executory Contract or Unexpired Lease with one or more of the Debtors.  Except as otherwise provided in the Plan, as of the Effective Date, ***the Debtors shall be deemed to have***

***assumed each Executory Contract and Unexpired Lease to which it is a party in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code***, without the need for any further notice or action, order or approval of the Court, unless such Executory Contract or Unexpired Lease: (1) was assumed or rejected previously by such Debtor; (2) expired or terminated pursuant to its own terms prior to the Effective Date; or (3) is the subject of a motion to reject filed on or before the Effective Date.

6.      Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the assumptions or assumption and assignment, as applicable, of such Executory Contracts or Unexpired Leases as provided for in the Plan, pursuant to sections 365(a) and 1123 of the Bankruptcy Code effective as of the Effective Date. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

7.      **ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT DOES NOT TIMELY OBJECT TO THE PROPOSED ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE BY THE EXECUTORY CONTRACT OBJECTION DEADLINE WILL BE DEEMED TO HAVE CONSENTED TO SUCH ASSUMPTION. ANY PROOF OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

8.      **Objections to the Assumption or Rejection of Executory Contracts and Unexpired Leases**: If you believe any further amounts are due as a result of a Debtor's monetary default under an Executory Contract or Unexpired Lease or you wish to object to the assumption of an Executory Contract or Unexpired Lease under the Plan, including an objection regarding the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) (each, an "<u>Assumption Objection</u>"), you may assert an Assumption Objection against the Debtor or Reorganized Debtors, as applicable, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such Assumption Objection. Your response or objection to the assumption of an Executory Contract or Unexpired Lease must: (a) be in writing; (b) conform to the applicable Federal Rules and the Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof and (iv) be filed with the Court and served on the Notice Parties so as to be received by **May 23, 2025 at 4:00 p.m. (prevailing Eastern Time)** (or such other date as may be established by the Court) (the "<u>Executory Contract Objection Deadline</u>"). Any counterparty to an assumed Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of such Executory Contract or Unexpired Lease, including an objection regarding the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), prior to the Executory Contract Objection Deadline (i) shall be deemed to have assented to such proposed assumption and shall be deemed to have forever released and waived such Assumption Objection and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; and (ii) shall be forever barred from imposing or charging against any Reorganized Debtor any

accelerations, increases or any other fees as a result of any assumption pursuant to the Plan.  For the avoidance of doubt, all rights of a counterparty to assert that further amounts are due as a result of a Debtor's monetary default under an Executory Contract or Unexpired Lease are preserved after the Effective Date and can be asserted in the ordinary course of business, regardless of whether such counterparty files an Assumption Objection, subject to all defenses the Debtors or Reorganized Debtors may have with respect to such claims.  You do not need to file an Assumption Objection to preserve your claim after the Effective Date that further amounts are due as a result of a Debtor's monetary default under an Executory Contract or Unexpired Lease.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**III.     NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

**PLEASE BE ADVISED THAT ARTICLE XI OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**<u>BINDING NATURE OF THE PLAN: ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST AND EXISTING EQUITY INTERESTS IN THE DEBTORS, AND EACH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT ANY SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR EXISTING EQUITY INTEREST IN THESE CHAPTER 11 CASES OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN.</u>**

**IF YOU HAVE ANY QUESTIONS ABOUT WHETHER YOU HAVE A CLAIM AGAINST A DEBTOR, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 643-6250 (U.S./CANADA, TOLL-FREE) OR +1 (646) 930-4293 (INTERNATIONAL, TOLL) OR EMAIL PROPOSED COUNSEL FOR THE DEBTORS: (i) Elisha D. Graff, Esq. (egraff@stblaw.com), Moshe A. Fink, Esq. (moshe.fink@stblaw.com), Rachael L. Foust, Esq. (rachael.foust@stblaw.com), and Zachary J. Weiner, Esq. (zachary.weiner@stblaw.com); (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801; Attn. Edmon L. Morton, Esq. (emorton@ycst.com), Sean M. Beach, Esq. (sbeach@ycst.com), Shella Borovinskaya, Esq. (sborovinskaya@ycst.com); and Carol E. Thompson, Esq. (cthompson@ycst.com).**

*[Remainder of page intentionally left blank.]*

7